# Richmond.

## MOTLEY v. FRANK.

February 5th, 1891.

1. CHANCERY PRACTICE—*Injunction—Dissolution.*—Where answer denies all the grounds of equity set up in the bill and those grounds are not sustained by proof, the injunction must necessarily be dissolved. *Hogan* v. *Duke*, 20 Gratt., 244.

2. IDEM—*Depositions—Exceptions.*—Where depositions taken by complainants were excepted to by defendants; court below dissolved the injunction for want of proof, without considering either depositions or exceptions: *held,* no error.

3. OSTENSIBLE PARTNER—*Individual debts.*—If the firm was open, the credit given to the firm and the goods are in possession, the partnership creditor should be first paid out of them; but if the partner be unknown, the credit is given to the visible partner only: *held,* he may assign the assets to pay his individual debts in preference to partnership debts.

Appeal from decree of circuit court of Danville, rendered January 22d, 1889, in an injunction suit wherein the appellants, A. H. Motley, A. H. Motley, Jr., and James A. Thomas, doing business in the name of A. H. Motley & Co., are complainants, and the Frank Tobacco Company and others are defendants. Opinion states the case.

*Berkeley & Harrison, Green & Miller* and *Rutherford & Page,* for the appellants.

*Peatross & Harris* and *Guy & Gilliam,* for the appellees.

Fauntleroy, J., delivered the opinion of the court.

The record discloses the following case: In November, 1887, L. B. Frank, who did business under the style of The Frank Tobacco Company, in Danville, Virginia, assigned, by deed, all his property and assets, as well those in his business of The Frank Tobacco Company, as his private property, including even his exemptions, to L. D. Wildman, in trust to secure his creditors, in six classes. In the second class, is a debt due to Mrs. F. Frank, the mother of the grantor, a debt due to Penn & Rison; a debt due to Montoul & Co., of Charleston, S. C.; and a debt due to A. H. Motley & Co., though not all of the debt due to them.

This deed was recorded on the 2d day of November, 1887, and on the 8th of November, 1887, appellants filed their bill in the corporation court of Danville, which was subsequently removed to the circuit court of Danville, assailing the validity of the deed for fraud, and the *bona fides* of the debt secured to Mrs. F. Frank therein, and praying for an injunction, which they obtained, on the 8th of November, 1887, restraining the execution of the said deed of trust, and, among other things, restraining and enjoining the payment of the debt of $3,090 secured to Mrs. F. Frank, until the further order of the court. On the appellants' application, also, the trustee, named in the deed, was removed, and a receiver was appointed in his stead, to whom the trustee turned over all the trust property. The bill charges that The Frank Tobacco Company was composed of one S. Liebman, L. B. Frank, and several others (not named), male and female, of the immediate relations, connections and friends of said L. B. Frank. That S. Liebman was a secret partner of L. B. Frank; that Mrs. Fanny Frank was also a secret partner, and that Meyer Frank was a secret partner; and that the debts secured in the deed to Mrs. F. Frank and Meyer Frank were fictitious debts, and "only pretences, to

throw the assets of The Frank Tobacco Company into the hands of the relatives of L. B. Frank."

Upon these allegations of the bill S. Liebman was enjoined from making any disposition of his property, real and personal, and the receiver was directed to take charge of all his property, in addition to all the property embraced in the deed of trust. At the ensuing term, January, 1888, of the hustings court, the answer of Mrs. Fanny Frank, and of L. B. Frank and Meyer Frank, were filed, denying and explicitly putting in issue all the material charges made in the bill; and the case was then removed to the circuit court, the term of which began January 15th. 1888. At that term the complainants were in total default of all testimony to sustain the harsh allegations of their bill, although over two months had elapsed since they obtained the injunction, and Mrs. F. Frank moved, upon her answer, to have the injunction dissolved; whereupon, the complainants moved for a continuance, and filed an affidavit that they intended to take the testimony of witnesses beyond the limits of the State, which was essential to their cause; and thereby they obtained a continuance. At the January term, 1889, after the injunction had been standing for thirteen months and fourteen days, Mrs. F. Frank again moved to dissolve the injunction ; when the complainants not having taken evidence to sustain the charge of the bill impeaching the good faith of her claim, or that she was a partner in The Frank Tobacco Company, and offering no excuse for their default; and answering the inquiry of the court, whether they knew it, or expected to produce any proof to sustain their bill against Mrs. F. Frank's claim, that they did not, the court dissolved the injunction as to her, and ordered that the amount of her claim be paid to her. From this order, this appeal is taken; and the sole question for decision by this court is, whether the circuit court was right in rendering the decree complained of?

The bill was filed and the injunction obtained upon a charge of fraud, November 8th, 1887; it was promptly answered, by all the defendants, and by Mrs. Frank, denying each and all the allegations of fraud, and substantiating her claim, and calling for proof. She not only denied the charges of the bill so far as they affected her debt and her rights, but she showed, specifically, when and how the debt, secured to her in the deed of trust, had been made, thus enabling the complainants to assail and refute her statements if they could; and she denied that she was ever a partner in The Frank Tobacco Company, or that she contributed anything to its capital as a partner, or that there was any other partner in the firm than L. B. Frank; and she showed that her money had been loaned to him for his said business, and was used by him in it. The injunction restraining her rights, and charging fraud, had been held against her for fourteen months awaiting proof; and when none was offered, the injunction was dissolved. A refusal or delay to dissolve the injunction as to her would have worked a protracted and harsh injustice to her, and would have indulged the complainants in systematic negligence and inexcusable wrong. See *Moore* v. *Steelman*, 80 Va., 331. Where the answer denies all the grounds of equity set up in the bill, and those grounds are unsustained by proof, the injunction must necessarily be dissolved. (*Hogan* v. *Duke*, 20 Gratt., 244).

It is assigned as error that the court refused to pass upon exceptions taken by complainants to certain depositions filed by the defendants. The court did not consider the depositions, but dissolved the injunction because no testimony had been produced to sustain the charges in the bill that Mrs. Frank was either a member of The Frank Tobacco Company or that her debt secured by the deed of trust was fictitious. In the total absence of all proof to sustain the bill, she was entitled to a dissolution of the injunction on the record and the case of the complainants, without considering at all the depositions

of the defendants.    And the court stated that such had been its action.

In their third alleged error, the complainants say that they did not know that the case was considered upon the deposition of the witness Meyer Frank, after they had stated in their first assignment of error that it had been considered on that deposition.

All the evidence taken by the appellants, was upon the one single point of the alleged secret partnerships between .L. B. Frank and S. Liebman.    They failed in this.    The agreement between L. B. Frank and S. Liebman, in the record, shows upon what terms Liebman worked for the Frank Tobacco Company; and the complainant, A. H. Motley, himself, admits that he knew that L. B. Frank was advertised as the sole proprietor of the firm, and if they had proven, even that Liebman was a *dormant* partner, still the evidence shows that Mrs. Frank knew nothing of that fact, or alleged secret relation of the parties; and that she dealt with L. B. Frank alone, as the ostensible sole proprietor of the concern; and the law is settled that the ostensible partner has full power to assign the firm assets to pay his individual debts in preference over the firm creditors.    (*Commack* v. *Johnson,* 2 N. J. Equity, 163, and notes.    1 Collyer on Partnership, 6 edition, 188–189.)

" If the firm was open, the credit was given to the firm and the goods in possession, and the partnership creditor should be first paid out of them; but if the partner be unknown, the credit is given to the visible partner only, and in such case, the discovery of a latent partner cannot give any preference to a partnership creditor." *Commack* v. *Johnson, supra.*    See also the case of *Lord* v. *Baldwin,* 6 Pickering (Mass.), 348. The answer of Mrs. Frank gives a reasonable and unsuspicious account of her debt due to her from L. B. Frank, her son. That she loaned to L. B. Frank $3,000 in Georgia State bonds, which were bringing her interest, upon the understanding that

Opinion.

he should pay to her the interest so long as he used the money, and then return to her the amount in money. This was reasonable and natural for a mother. The appellants have failed to prove the case made in their bill against the appellee, Mrs. F. Frank; and our judgment is, that the decree appealed from is right, and it must be affirmed.

DECREE AFFIRMED.